OPINION
{¶ 1} This timely appeal comes before this court on the record on appeal and the parties' briefs. Defendant-Appellant, Donald Bunfill, appeals the decision of the Belmont County Court, Western Division, which found him guilty of aggravated menacing and sentenced him accordingly. Bunfill argues that his conviction was supported by insufficient evidence and was against the manifest weight of the evidence.
 {¶ 2} A verdict is supported by sufficient evidence if, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. And an appellate court can only find that a conviction is against the manifest weight of the evidence if, after examining the entire record, weighing the evidence and all reasonable inferences, considering the credibility of witnesses, and determining whether the fact-finder clearly lost its way, we determine that there is such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. In this case, the evidence produced at trial supports each and every element of the offense of aggravated menacing. Because Bunfill's conviction was supported by sufficient evidence and not against the manifest weight of the evidence, the judgment of the trial court is affirmed.
 Facts {¶ 3} At approximately 1:38 a.m. on October 16, 2002, John Greg Wesley received a threatening telephone call. Wesley had spoken with Bunfill on the phone in the past and believed the caller was Bunfill. At the time of the call, Bunfill was under court order not to have contact with Wesley. Because Wesley believed the caller was Bunfill, he began taping the conversation soon after it started. During the course of the conversation, Wesley asked who the caller was and the caller answered, "This is Donnie." The caller threatened to kill Wesley by "blowing his brains out". Wesley testified he was scared for his life. Wesley called 911 after he got off the phone with the caller. While on the phone Wesley believed he saw Bunfill's vehicle 800 feet up the road, honking its horn and "burning out". Later that day he filed a complaint against Bunfill which charged him with aggravated menacing in violation of R.C. 2903.21(A).
 {¶ 4} The matter proceeded to a bench trial and the trial court found Bunfill guilty of aggravated menacing. The trial court sentenced Bunfill to thirty days in jail with twenty days suspended with certain conditions.
 Manifest Weight of the Evidence {¶ 5} Bunfill's sole assignment of error alleges:
 {¶ 6} "The verdict of the trial court was against the manifest weight of the evidence and was not supported by sufficient credible evidence to sustain the verdict of guilty."
 {¶ 7} In his assignment of error, Bunfill challenges both the weight and sufficiency of the evidence. As the Ohio Supreme Court has stated, arguments concerning the "sufficiency of the evidence" should not be confused with those addressing the "manifest weight of the evidence". See State v. Thompkins
(1997), 78 Ohio St.3d 380, at paragraph two of the syllabus ("The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.") "Sufficiency of the evidence" is "`a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.'" Id. at 386, quoting Black's Law Dictionary (6 Ed. 1990) 1433. The relevant inquiry when determining whether the evidence is sufficient to support the verdict "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of facts." Id. at 273. Whether the evidence is legally sufficient is a question of law. Thompkins at 386.
 {¶ 8} In contrast, when reviewing whether a conviction was against the manifest weight of the evidence, we must "examine whether the evidence produced at trial `attains the high degree of probative force and certainty required of a criminal conviction.'" State v. Tibbetts (2001), 92 Ohio St.3d 146, 163, quoting State v. Getsy (1998), 84 Ohio St.3d 180, 193. In order to do this, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. "`Weight is not a question of mathematics, but depends on its effect in inducing belief.'" (Emphasis sic.) Thompkins at 387, quoting Black's Law Dictionary (6 Ed. 1990) 1594.
 {¶ 9} Bunfill was convicted of aggravated menacing which is defined as follows: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." R.C.2903.21(A). Bunfill concedes that someone threatened Wesley's life in the phone call. But he argues that his conviction is not supported by any evidence that he made the phone call or that Wesley believed the threat.
 {¶ 10} Bunfill's argument in this regard is incorrect. Wesley testified that he had spoken to Bunfill on the phone before and recognized his voice. This, and the fact that the caller identified himself as "Donnie", support the conclusion that Bunfill made the threatening phone call. And Welsey's actions immediately after the call support a conclusion that he felt threatened by the caller. Although he told the caller to "come on over" and carry out the threat, he immediately called the police and told them about the threatening phone call. Accordingly, Bunfill's argument that his conviction is not supported by sufficient evidence is meritless.
 {¶ 11} Bunfill further argues his conviction is against the manifest weight of the evidence for the same two reasons: the evidence that he was the one who made that call and that Wesley believed the threat on the tape is weak.
 {¶ 12} After reviewing the evidence, we cannot conclude the trier of fact clearly lost its way. As stated above, Wesley testified that he had spoken to Bunfill on the phone before and recognized his voice. Wesley also testified that there was a dispute between he and Bunfill concerning a township road that dead-ended into Wesley's property. Wesley claimed he did not know anyone besides Bunfill named Donnie. Bunfill acknowledged that he knew that Wesley thought there was a dispute, but testified that he didn't care what Wesley did with that road. In the tape admitted as State's Exhibit 1, the caller identified himself as "Donnie" and stated that he was going to blow Wesley's brains out for "blocking the road down there." Bunfill argues this tape was unclear, but when listening to it, the conversation is easy to understand. Given this evidence, it was not against the manifest weight of the evidence for the trial court to conclude that Bunfill was the caller on the tape.
 {¶ 13} The evidence also supports the trial court's conclusion that Wesley believed the threats. On the tape, Wesley was defiant and told the caller he could "come on" over and carry out the threat. But immediately after the call, Wesley called the police. Furthermore, Wesley saw a truck which resembled Bunfill's truck on the road while he was on the phone with the police. Both Wesley's actions immediately after the phone call and his sighting of Bunfill near his property immediately after the phone call support the conclusion that he believed Bunfill's threats.
 {¶ 14} The only evidence Bunfill put on in response to the State's evidence was the testimony of he and his wife that he was in bed at the time of the call and did not make the call. In the face of the remaining evidence, it was reasonable for the trial court to conclude that their testimony was not credible.
 {¶ 15} In his final argument, Bunfill claims that his sentence was augmented for going to trial instead of pleading guilty. But we disregard this argument about sentence augmentation for two reasons. First, this argument is unrelated to the sufficiency and weight of the evidence supporting his conviction. Bunfill's argument concerning improper sentencing augmentation should have been brought under a separate assignment of error. Second, nothing in the record supports his argument. There is no record of plea agreement negotiations. The trial court at the sentencing hearing does not mention Bunfill's "failure" to plead guilty. Since this argument is baseless and does not support the assigned error, we will not address its merits.
 {¶ 16} In conclusion, the State introduced competent, credible evidence supporting each element of the offense. Accordingly, Bunfill's sole assignment of error is meritless and the judgment of the trial court is affirmed.
Judgment affirmed.
Donofrio and Vukovich, JJ., concur.